## P. F. MICHEL *v.* POLICE JURY OF TERREBONNE.

9    67
122    330
122    331

A strict compliance with the law and police regulations must be shown, to legalize a sale of land made to pay for work done on roads; and such proceedings must be closely scrutinized.

Plaintiff built a road on the land of a non-resident, under a contract with defendant. Plaintiff showed that in consequence of the neglect of the parochial authorities to notify the non-resident, a proceeding against him would have been ineffectual. *Held:*—That as the proceedings against the land would be nugatory, he might proceed at once against the Police Jury.

APPEAL from the District Court of Terrebonne, *Cole,* J.

*J. C. & A. Beatty,* for plaintiff, cited *Newcomb* v. *Police Jury,* 4 R. 233 ; *Michel* v. *Police Jury,* 3 Ann. 123.

*W. M. Mercer & Winchester Hall,* for defendant and appellant.

CAMPBELL, J. This suit was instituted against the Police Jury of Terrebonne for the sum of $2,156, and interest from September 7th, 1852, for which sum, as is alleged, he agreed to make a road on a tract of land described as the land of *Joseph Elizir,* a non-resident; that the job was adjudicated to him by the Road Inspector, at public outcry, as the lowest bidder; that in pursuance of said adjudication, he proceeded to make said road, which was accepted by the proper authorities.

The petition avers that the land belongs to *Robert J. Walker,* a non-resident, and claims payment from the parish directly, on the ground that the petitioner, by the failure of the road inspector properly to advertise and notify the absent owner, is deprived of his right to proceed summarily against the absentee.

It appears from the record, that in the advertisement and adjudication, the work to be performed is described as being on the land of *Joseph Elizir,* and

MITCHELL
*v.*
POLICE JURY.

that the notification, as published, was addressed to *Joseph Elizir*. It further appears, from evidence adduced by plaintiff, that the land originally belonged to *Joseph Felix*, and not to *Joseph Elizir*, and that the title to it, at the time of the adjudication, vested, by several mesne conveyances, in *Robert J. Walker*, a non-resident.

It is urged by plaintiffs that the notice given is not such as is required by law; that the absent owner, *Robert J. Walker*, not having been notified by the inspector, in conformity with law, deprives him of his right to proceed summarily against the land.

It is contended on behalf of the defendant, that the insertion of the name of the owner in the advertisement was unnecessary—that it would be mere surplusage; that, in the advertisement made, the land was so described by boundaries, as to admit of no difficulty in identifying it.

Whether it is necessary to insert in the advertisement the name of the owner of the land, need not now be decided. We are of opinion, however, that, if the wrong name be given the error is fatal. A strict compliance with the law and police regulations must be shown, to legalize a sale of land made to pay for work done on roads, and such proceedings must be closely scrutinized. *Hiriart* v. *Morgan*, 5 L. 45; *Winchester* v. *Cane*, 1 R. 421; *Jeannin* v. *Millaudon*, 5 R. 76.

The diligence displayed by plaintiff in tracing the title to the land, would have enabled the defendant to ascertain its ownership. They have shown affirmatively that a proceeding against the owner of the land would have been ineffectual, inasmuch as he had never been notified, which, in our opinion, dispenses him from proceeding against the land, before suing the Police Jury. *Lex nemem cogit impossibilia rect vara.* *Newcomb* v. *Police Jury*, 4 R. 233; *Michel* v. *Police Jury*, 3 A. 123.

Judgment affirmed.