# Benson and West *versus* Maxwell.

1. A man who is honestly indebted to his wife and to other creditors may lawfully secure his wife's debt by a conveyance or mortgage of his real estate.

2. A deed, made to a minor son of the grantor for a nominal consideration, but for the alleged purpose of protecting a debt honestly due by the grantor to his wife, though not recorded at the time, is not fraudulent in law, as against other creditors of the grantor.

3. The question of fraud in such case is for the jury, under instructions from the court as to the law applicable to the evidence.

[Benson and West v. Maxwell.]

4. Where a party requests the court to instruct the jury in a particular way, and the court charges substantially as requested, he cannot afterwards assign such instruction as error.

February 5, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., absent.

ERROR to the Court of Common Pleas of *Erie county:* Of July Term, 1883, No. 142.

Ejectment, by Sarah E. Maxwell against William Benson and Chester West, for a house and lot of ground in the borough of Waterford, Erie county.

On the trial, before GALBRAITH, P. J., the following facts appeared: Both parties claimed through Sheldon Maxwell, deceased. On April 1, 1870, Sheldon Maxwell being indebted to his wife, the plaintiff, in a sum exceeding $1,200, gave her his promissory note for $1,562, payable one day after date. At that time Sheldon Maxwell was indebted to the defendants and to other parties.

On December 5, 1873, Sheldon Maxwell, being then the owner in fee of the premises in dispute, conveyed the same, for the nominal consideration of $2,000, to his son, John S. Maxwell, then a minor, in fee simple, on the alleged parol trust that said conveyance was to protect and secure the said debt due by the grantor to his wife. This deed was delivered to John S. Maxwell about the time of its date, but was not recorded until September 23, 1875.

On September 30, 1875, one Hutchins recovered judgment against Sheldon Maxwell for $1000, being a debt incurred in 1871.

John S. Maxwell, by deed dated October 13, 1875, recorded November 29, 1875, re-conveyed the premises in question to Sheldon Maxwell, on the alleged parol agreement that the latter would execute a mortgage thereof to him, John H. Maxwell, in trust for Mrs. Sarah E. Maxwell, his mother, to secure her said debt.

On December 22, 1875, Sheldon Maxwell executed a mortgage of said premises to John S. Maxwell, in trust for Sarah E. Maxwell, for $1,562, with interest from April 1, 1870, recorded December 30, 1875.

By indenture of mortgage, bearing date November 24, 1875, acknowledged January 4, 1876, and recorded January 11, 1876, Sheldon Maxwell mortgaged the same premises to William Benson and Chester West, the defendants, to secure an indebtedness of $4,200 due by him to them. This mortgage was sued out, and under a judgment and execution thereon the premises were sold at sheriff's sale at September Term, 1879, and purchased by said Benson and West, the de-

fendants, to whom the sheriff acknowledged a sheriff's deed, and they obtained possession.

Subsequently the said mortgage held by John S. Maxwell, in trust for Sarah E. Maxwell, was sued out, and under a judgment and execution thereon the premises were again sold at sheriff's sale, and were purchased by Mrs. Sarah E. Maxwell, the plaintiff, for $25, to whom the sheriff acknowledged a deed, and she afterwards brought this ejectment.

The defendants claimed that the deed of December 5, 1873, from Sheldon Maxwell to John S. Maxwell, was without consideration, fraudulent and void as to existing creditors, and that no estate thereby passed out of the grantor; that the judgment obtained by Hutchins on September 30, 1875, against Sheldon Maxwell was a lien on the premises prior to the lien of the mortgage dated December 22, 1875, given by Sheldon Maxwell to John S. Maxwell in trust for Sarah E. Maxwell, by reason whereof the lien of said mortgage was discharged by the sheriff's sale under the judgment on the Benson and West mortgage, and therefore the subsequent sheriff's sale, under a judgment on the said mortgage executed to John S. Maxwell, trustee, passed no title to the plaintiff.

The court, in answer to points, and in the general charge, instructed the jury, in substance, that if they found from the evidence that the deed of December 5, 1873, from Sheldon Maxwell to John S. Maxwell was intended by the grantor to hinder and defraud his creditors, and if Mrs. Maxwell or her son, John S. Maxwell, acting for her, were concerned in the fraud by knowledge or acquiescence, then no title passed to John S. Maxwell, and the Hutchins judgment became a lien on the premises, and the sheriff's sale under the Benson and West mortgage discharged the lien of the plaintiff's mortgage, and she took no title by purchasing at the sheriff's sale thereunder. But if, on the other hand, the jury found that said deed of December 5, 1873, was made in good faith to secure the payment to Mrs. Maxwell of her debt, and was not intended to hinder or defraud creditors, then the conveyance was valid, and vested the title in John S. Maxwell until it was re-conveyed by the deed of October 13, 1875; and the Hutchins judgment, being entered at a time when the title was not in Sheldon Maxwell, did not attach as a lien on the premises, and Mrs. Maxwell's title under her sheriff's deed would be superior to that of the defendant. The court submitted this question of fraud to the jury on all the evidence, as a question of fact, saying it was "the hinging and vital point, and the case narrows down to it."

Among the points submitted by the defendants were the following:

[Benson and West *v.* Maxwell.]

4. If the jury find that Maxwell made the deed to his son, John S. Maxwell, and the son kept the deed from the time it was made, December 5, 1873, until September 23, 1875, not recording the same, and then, October 13, 1875, deeded the land back to his father, it was a strong badge of fraud.

Answer. This would be so, unless the jury find in the evidence satisfactory explanation of the facts stated.

5. The deed to John S. Maxwell, for the colorable consideration of $2,000, nothing having been paid, and being absolute upon its face, no secret trust can be attached to it, and it is not in the nature nor character of a mortgage.

Answer. The deed would not have the nature of a mortgage, but there is nothing to prevent a parol trust, such as alleged here, if the jury believe the evidence on part of the plaintiffs, and unless they find the transaction was fraudulent.

Verdict for the plaintiff and judgment thereon. The defendants took this writ of error, assigning for error, inter alia, the above instructions of the court, and the answers to the above points.

*Benson* (*Brainerd* with him) for the plaintiffs in error.

*F. F. Marshall*, for the defendant in error.

Chief Justice MERCUR delivered the opinion of the court, October 6, 1884.

The plaintiffs in error attack the validity of a deed executed by Sheldon Maxwell to his son John. The jury have found that it was executed in good faith, and for a valuable consideration to secure the payment of a debt due from the vendor to his wife.

It is now claimed by plaintiffs in error that the court erred in not declaring the conveyance, under the evidence, was not a mortgage. They, however, are in no condition to assert that fact. In their fifth point they requested the court to charge that "it was not in the nature nor character of a mortgage." The court having substantially complied with that request, they cannot now gainsay its correctness. Williams *v.* Carr, 1 Rawle, 420; Hubley *v.* Vanhorne, 7 S. & R., 185.

A married woman may loan money to her husband, and take security for its payment either at the time of making the loan, or subsequently, as any other creditor may do. If the validity of the debt from the husband to the wife be questioned by a creditor of the former, it should be proved satisfactorily by clear evidence. Hence the learned judge said to the jury when a wife claims to hold property against the creditors of her husband, the burden of proof is on her to

[Erie *v.* Church.]

show affirmatively, by clear and satisfactory evidence, that she did not acquire it from him, or by her own labor or earnings.

When a husband is honestly indebted to his wife, and to other persons, he may lawfully confess a judgment in her favor, the effect of which will be to secure her in preference to his other creditors. Wingerd *v.* Fallon, 14 Norris, 184. An execution thereon may issue against him, without his consent, in the name of his wife. Rose et ux. *v.* Latshaw et al., 9 Norris, 238. For an honest purpose, and to secure or pay a just debt due by him to his wife, he may make a valid sale or transfer of his real estate to her with like effect as to any other of his creditors. Such conveyances, however, should be carefully scrutinized, and the indebtedness be clearly established.

The learned judge charged the jury substantially that the conveyance in question was not valid unless there was an actual indebtedness from the vendor to his wife, and the conveyance was made honestly and in good faith for the purpose of securing the payment thereof to her, and not for the purpose of hindering, delaying, or defrauding creditors. This, certainly, is as favorable for the plaintiff in error as he was entitled to demand.

The fact that the conveyance was not recorded did not, under all the evidence, constitute legal fraud. The questions in the case were those of fact. They were well and carefully presented by the court. The evidence was amply sufficient to submit to the jury. Without reviewing all the assignments in detail, we think there is nothing in any of them which requires further consideration.

Judgment affirmed.