## W. I. COOPER v. GERMAN-AMERICAN INSURANCE COMPANY OF NEW YORK.[1]

### October 27, 1905.

### Nos. 14,456—(56).

**Change of Location.**

> The duly authorized agent of a fire insurance company, having power to consent to the removal of the location of insured property and to transfer the policy, may by oral agreement consent to such removal and make such transfer, and if such agreement is made the policy does not become void but continues in force. The fact that the rate of insurance is greater at the new location does not relieve the obligations of the company under the policy, provided the insured agrees and holds himself in readiness to pay the additional premium. The duty is upon the agent to ascertain what the increased rate is and make demand upon the insured therefor.

Action in the district court for Clay county to recover $1,000 upon a fire insurance policy. Defendant denied liability on the ground that, without its consent, the insured property had been removed to a more hazardous location. The case was tried before Dibell, J., and a jury which rendered a verdict in favor of plaintiff for $965.25. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*M. L. Countryman, Morton Barrows* and *Edwin Adams,* for appellant.

*C. A. Nye* and *M. R. Tyler,* for respondent.

[1] Reported in 104 N. W. 687.

LEWIS, J.

· The question upon this appeal is whether the evidence was sufficient to justify the jury in finding that the company consented to the change in location of certain insured goods and agreed to transfer the policy,. and whether, being oral, such agreement was binding on the company.

The policy contained a provision that it should be void

> If the assured now has or shall hereafter make any other insurance on the said property without the assent of the company, or if without such assent the property shall be removed,   *   * . * or if without such assent the situation or circumstances affecting the risk, shall, by or with the knowledge, advice, agency, or consent of the insured, be so altered as to cause an increase of such risks.

Plaintiff's testimony was to the effect that, during the time he was engaged in removing the property from the place where it had been insured to another location three or four blocks away in the same village, he had a conversation with the local agent of defendant company, informing him that he was moving his goods, and to what place, and requesting a transfer of his policy; that the agent answered he would attend to it, but that there would be a difference in the premium, to which plaintiff replied he would pay the difference; and that the agent promised to let him know what it was. The goods were moved to the new place, where the rate of insurance was much higher. Plaintiff did not deliver his policy into the hands of the agent for the purpose of a transfer, and did not offer to pay the increased premium; neither did the agent call for the policy or make demand for the additional premium, and did not attend to the transfer. About a month thereafter the goods were destroyed by fire.

It is conceded that it was within the duties of the local agent, who originally issued the policy and received the premium, to consent to a removal of the goods and to transfer the policy. So far as appears from the contract which was embodied in the terms of the policy, such removal and transfer agreement might be made orally between the agent and the insured. It is immaterial that plaintiff had commenced to move his goods before obtaining defendant's consent, if in fact the agent, being advised of all the circumstances, actually did consent to

such removal and agreed to make the transfer. We need not inquire whether the unearned premium at the time of the removal was a sufficient consideration to extend the policy beyond the time of the fire, for it has nothing to do with the question. Nor shall we enter into a discussion of what is necessary to constitute a new agreement of insurance, because such discussion rests upon the hypothesis that there was a cancellation of the policy by the mere fact of the removal of the goods. The evidence warranted the conclusion that the company, through its duly authorized agent, consented to the removal of the goods and agreed to transfer the policy. This being taken as true, the policy did not become void, but continued in force, and it was the business of the company to ascertain the additional premium and make demand for it. So far as the insured was concerned, he had done all that was required of him, viz., to secure the consent of the company to such removal and agreement to transfer the policy, and consent himself to the terms of the change and express his willingness to pay whatever the additional rate might be. It was of no consequence to him whether the agent caused the transfer to be made upon his books, nor was it his duty to find out what the additional rate was and make tender of the increased premium. Those matters were incidental to the agreement on the part of the company in consenting to the change of location and to transfer the policy, and if it chose to neglect them it waived a privilege which might have been enforced. In the absence of any evidence to the effect that the company informed plaintiff of the additional amount required and that demand was made for it, plaintiff, being ready and willing to pay it when so advised, was justified in relying upon the agreement and considering the policy in force.

In Williamsburg v. Cary, 83 Ill. 453, and Pollock v. German, 127 Mich. 460, 86 N. W. 1017, there was no positive agreement on the part of the company consenting to a removal of the goods and to make transfer of the policy. All that was shown in those cases was that the company had knowledge of the change, and by its conduct permitted the insured to rely upon the implied promise to make the change and attend to the transfer. In those and similar cases the principle relied upon was waiver or equitable estoppel. We do not have to go so far in the case before us, the agreement having been expressly made.

Order affirmed.