# CHARLESTON.

LAURA ALIFF v. ATLAS ASSURANCE COMPANY LTD.

(No. 5664)

Submitted November 16, 1926.   Decided November 23, 1926.

1. INSURANCE—*If Assured Applies to Agent of Insurance Company Having Authority to Indorse on Policy Consent to Remove Goods Insured From Building Where Located to Another Building, Leaves With Him Policy for That Purpose, and Such Agent Agrees to Make Indorsement and Retains Policy Until After Fire Has Destroyed Goods, Insurer Will be Liable for Loss, Though no Such Indorsement Was in Fact Made on Policy.*

   If the assured applies to the agent of an insurance company having authority to indorse on a policy consent to remove the goods insured from the building where located to another building, and leaves with him the policy for that purpose, and such agent agrees to make the indorsement and retains the policy until after a fire has destroyed the goods, the insurer will be liable for the loss, though no such indorsement was in fact made on the policy.   (p. 641.)

2. SAME—*In Action Upon Such Policy and Contract, if Defendant Gives Notice of Reliance Upon Breach by Plaintiff of Condition of Policy Requiring Such Indorsement, and Plaintiff Relies on Contract of Agent as Matter of Waiver or*

*Estoppel, He Should Give Notice Thereof in Specifications.*
*To Allege Simply That He Applied to Agent for Such Con-*
*sent and Left With Him Policy for Indorsement, and Agent*
*Retained Policy for Unreasonable Time and After Destruc-*
*tion of Goods Returned Policy to Plaintiff, Not Sufficient*
*Notice of Contract Relied on, Objection to Evidence of Such*
*Contract, if Based on Want of Notice, Properly Sustained.*

In an action upon such a policy and contract, if defendant
gives notice of its reliance upon the breach by plaintiff of the
condition of the policy requiring such indorsement, and the
plaintiff relies on the contract of the agent as matter of
waiver or estoppel, he should give notice thereof in his specifi-
cations.  To allege simply that he applied to the agent for
such consent and left with him the policy for such indorse-
ment and that the agent retained the policy for an unreason-
able time and after the destruction of the goods returned the
policy to plaintiff, is not sufficient notice of the contract re-
lied on, and objection to evidence of such a contract, if based
on want of notice, is properly sustained.   (p. 642.)

3.  RIGHT OF RECOVERY—*But Where, As in This Case, Right of*
*Recovery is Fully Sustained by Evidence, But There is*
*Defect in Pleadings or Notice, Trial Court Before Denying*
*Relief Should Suggest Defect in Pleading and Give Party*
*in Default Opportunity to Amend, and if Court Fails to do*
*so, Judgment Will be Reversed on Appeal or Writ of Error*
*Thereto.*

But where, as in this case, right of recovery is fully sus-
tained by the evidence, but there is defect in the pleadings or
notice, the trial court before denying relief should suggest
the defect in pleading and give the party in default an oppor-
tunity to amend, and if the court fails to do so, the judgment
will be reversed on appeal or writ of error thereto.   (p. 642.)

Error to Circuit Court, Wayne County.

Action by Laura Aliff against Atlas Assurance Company
Ltd.  Judgment for plaintiff, defendant brings error.

*Reversed; new trial awarded.*

*W. T. Lovins,* for plaintiff in error.
*Brown, Jackson & Knight, Lon H. Kelly* and *Thomas B.
Jackson,* for defendant in error.

MILLER, JUDGE:

Plaintiff sued defendant on its policy of insurance, issued
January 25, 1923, and covering her household goods, destroyed

by fire June 19, 1925. The short form of declaration with policy attached was used. With defendant's plea of non assumpsit it filed a statement in writing specifying by reference thereto the failure of plaintiff to obtain the consent in writing of defendant indorsed on the policy, to the removal of the goods from the house where situated to the house where they were destroyed, in violation of the terms of the policy, wherefore the policy was vacated and rendered void and of no effect, and the defendant was not liable for the loss sustained.

To this matter of defense plaintiff by counsel replied in writing, that prior to the fire she caused the policy to be turned over to E. B. Drown of the Drown-Rife Insurance Agency, agents for the defendant, for the purpose of having an indorsement placed thereon permitting the removal of the property from the building in which it was then located, to the building in which it was located at the time of its destruction by fire, and that said Drown had ample time to place said indorsement thereon prior to the fire, but failed to do so, and returned said policy to her after the fire.

The parties went to trial before a jury on the issues thus presented. On completion of the evidence on her part, and without the introduction of any evidence on its part, upon defendant's motion, the trial court excluded all of plaintiff's evidence and directed a verdict for defendant; and the judgment of nil capiat complained of was pronounced. Plaintiff moved the court to set aside the verdict, and in arrest of judgment thereon, which motions were overruled.

On the trial, over defendant's objection, plaintiff was permitted to prove by her own and the evidence of another witness present, that after she had delivered the policy to Drown, the agent, for the purpose of having him indorse on the policy the consent of the defendant for the removal of the goods to the place where destroyed, Drown called and inspected the place, took a memorandum of the location, and then agreed or said to her: "Now I will fix this up for you right away," or "I will fix this up right at once." Plaintiff's testimony in the language of the first quotation, was excepted to, and the exception overruled; but the evidence of the other witness, in

the language of the second quotation, went in without objection, except as it may have been comprehended in the motion to strike out all of plaintiff's evidence.

We think this evidence was sufficient to establish an express agreement before the loss, to make the requisite indorsement on the policy to protect plaintiff's rights. But was defendant given sufficient notice of the waiver or estoppel relied on and specified in plaintiff's statement thereof? We think not. The statement was only that the agent after receiving the policy retained it for an unreasonable time without having indorsed thereon the consent required by its terms. This was not sufficient. He must have agreed to make the indorsement in order to bind the assurance company. And that an agent may so bind the company is well settled by authority, as well in law as in equity cases. *Pollock* v. *German Fire Ins. Co.*, 127 Mich. 460; *Manchester* v. *Guardian Assur. Co.*, 151 N. Y. 88; *Queen Ins. Co.* v. *Straughan*, 70 Kans. 186, 109 Am. St. Rep. 421; *Twin City Fire Ins. Co.* v. *Stockmen's National Bank*, 261 Fed. 470; *National Fire Ins. Co.* v. *Crane*, 16 Md. 260, 77 Amer. Dec. 289; *Croft* v. *Hanover Fire Ins. Co.*, 40 W. Va. 508; 32 C. J., p. 1340, § 613; *Morgan* v. *Amer. Cent. Ins. Co.*, 80 W. Va. 1. In the latter case Judge WILLIAMS says at page 6: "If Hatfield had left the policy with the agent and he had agreed to indorse on it the written consent of his company to the transfer of it, the case would then have presented a question very similar to the one decided in the *Croft* case." The *Croft* case was an equity case for specific performance of the contract of insurance made with the agent, but on which he had omitted to write the policy before the fire occurred, but had agreed to do so. While relief was denied in *Morgan* v. *Insurance Company*, it was not, as here, shown that the policy had been delivered to the agent and that he had agreed to make the proper indorsement. Two or three Massachusetts cases seem to deny the doctrine of the case cited, but they are out of harmony with our cases and the cases cited from other courts. *Worcester Bank* v. *Hartford Fire Ins. Co.*, 11 Cush. 265, 59 Am. Dec. 145, and adverse note citing the Massachusetts cases.

Thus we have here a case fully made out by the evidence, but as to which the pleadings or specification of waiver or estoppel are not sufficient to give defendant notice thereof. Such statements of defense or of waiver and estoppel, as our decisions say, are not pleadings subject to demurrer, but are in the nature of bills of particulars, and may be met, not by demurrer, but by objection to the evidence. The record shows that defendant availed itself of this right, in the first instance by objecting to plaintiff's testimony, but not as to the evidence of the other witness, but probably comprehended both in its motion to strike out and direct a verdict.

In what respect then, if in any, did the court below commit error to plaintiff's prejudice? A case was fully made out by proof, but not by pleading or specifications. It does not appear from the record upon what specific ground the motion to strike out was sustained. Having admitted the evidence, there is an implication that when presented it was deemed sufficient to support a verdict for plaintiff, or at least pertinent to the issue. The grounds of objection do not appear, nor were any grounds to strike out assigned upon the record. If the court was of opinion, on the motion to strike out, that the pleadings or specification of estoppel were insufficient, we think our rule of practice generally, as well in law as in equity cases, is to advise the parties and give opportunity to amend before final judgment. We have a long line of decisions to this effect. Otherwise rank injustice would often be done to one or both of the parties. *Ritchie County Bank* v. *Bee,* 62 W. Va. 457, citing and reviewing prior decisions on the subject. And in *LaBelle Iron Works* v. *Quarter Savings Bank,* 74 W. Va. 569, we decided that when it appears that the evidence probably exists by which a good cause can be made on any issue on which right of recovery depends, and that there has been omission under misapprehension of law to adduce such evidence, the trial court should withhold its finding and judgment and give the party in default reasonable opportunity to sustain his case, and if this has not been done, the judgment below will be reversed on writ of error and a new trial awarded. In the late case of *Long* v. *Pocahontas Cons. Col-*

*lieries Co.,* 83 W. Va. 380, we decided, in a law case, that if the evidence introduced on the trial by plaintiff or defendant shows a good cause of action or default, a defect in the pleadings should be regarded as cured by the evidence, when after verdict either of the parties seek advantage based on variance, or the pleader should be permitted to amend his pleadings to conform with the proof, and if no substantial rights of the parties will be injuriously affected thereby, the verdict should not be disturbed. In *Atkinson* v. *Sutton,* 23 W. Va. 197, opinion by Judge SNYDER, an equity case, we decided more than forty years ago, that: "Where it is apparent to the court from the record of a cause that the real merits sought to be determined are not so presented, either on account of defects in the pleadings or in the evidence, as to enable it to decide the real questions in controversy, it is the duty of the court to require such defects to be removed before proceeding to hear the cause and pass upon it finally. And in a plain case, where the inferior court fails to discharge this duty, the appellate court will, for that reason, alone, reverse and remand the cause."

Our opinion is to reverse the judgment, set aside the verdict, and remand the case for a new trial.

*Reversed; new trial awarded.*