SCHLEE *v.* NEW ZEALAND INSURANCE CO.

1. INSURANCE—ORAL CONSENT OF AGENT TO REMOVAL OF GOODS BINDING ON INSURER.

Where the agent of a fire insurance company was notified by the insured that he was removing the insured property to another location, and he orally consented thereto, but neglected to attach a rider to the policy, said consent was binding on the insurer, notwithstanding the provisions of

[1]Fire Insurance, 26 C. J. §§ 278 (Anno), 377.

Comp. Laws Supp. 1922, § 9100 (243), requiring waiver of the conditions of the policy to be in writing.

2. SAME—INSURER MUST EITHER CONSENT TO REMOVAL OR CANCEL POLICY.

Where an insurance company is advised of the removal of insured property to another location, it becomes its duty either to consent thereto, or to cancel the policy and return the unearned premium as provided therein; and if it fails to do the latter, it will be held to have accepted the former.

3. PLEADING—ESTOPPEL NOT NECESSARILY COUNTED ON IN ACTIONS AT LAW.

In order to recover on the theory of estoppel, in an action at law, it does not necessarily have to be counted on in the declaration.

4. APPEAL AND ERROR—NEW TRIAL—WEIGHT OF EVIDENCE.

A new trial will not be granted by the Supreme Court on the ground that the verdict is against the weight of the evidence merely because, had it been trier of the facts, it might have reached a different conclusion than that reached by the jury.

5. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.

The granting of new trials on the ground of newly-discovered evidence is not favored.

6. APPEAL AND ERROR—ABUSE OF DISCRETION.

In overruling a motion for a new trial on the ground of newly-discovered evidence, *held*, that the trial judge did not abuse his discretion.

Error to Wayne; Hunt (Ormond F.), J.   Submitted February 2, 1927.   (Docket No. 86.)   Decided April 1, 1927.

Assumpsit by Harry G. Schlee against the New Zealand Insurance Company, Limited, on a policy of insurance. Judgment for plaintiff. Defendant brings error.   Affirmed.

[2]Fire Insurance, 26 C. J. §§ 278, 415; [3]Estoppel, 21 C. J. § 248; Fire Insurance, 26 C. J. § 702; [4]Appeal and Error, 4 C. J. §§ 2834, 2875; [5]New Trial, 29 Cyc. p. 882; [6]Appeal and Error, 4 C. J. §§ 2813, 2817; New Trial, 29 Cyc. pp. 1008, 1009, 1013.

*Walters & Hicks,* for appellant.

*Louis Starfield Cohane* and *Regene Freund Cohane,* for appellee.

FELLOWS, J.    It is the claim of the plaintiff that, being about to move, he called up and had a talk with Mr. Atkinson, president of the Atkinson-Deacon-Elliott Company, general agent of defendant, he having solicited the business and attended to the issuance of the policy of fire insurance here involved about transferring his policy on his household goods and personal effects; his testimony on the subject is as follows:

"I said, 'This is Harry Schlee.'    He said, 'Oh, yes,' he remembered me.    I said, 'I am moving out to Stop 61 East Jefferson, at the Stecker cottage.    I have made all arrangements, and I would like to go tonight, take some of the things out, and get settled by Sunday.'    He said, 'Go right ahead, to go right ahead out to the cottage, move this stuff out, and I will cover you starting time June the 1st.'

"*Q.* What did you say to that?

"*A.* I told him I was going to take a load that night and the following day would take the balance of the stuff.

"*Q.* When he told you he would cover you starting June 1st, what did you say to that, was that agreeable to you?

"*A.* I told him that I did not have to move, and that I had five more days paid on my rent, but that if he would go ahead and cover me, I would move right away. He said 'All right, you are covered.    I will get a rider and everything.'    I only moved one load that night. I moved with a Ford truck with my brother-in-law, Ralph Smith.    The next day I moved three loads. The next day was Friday."

Friday was June 1st.    Mr. Atkinson denies this testimony *in toto.*    It is the further claim of plaintiff that he had moved on another occasion before this, and that some time had elapsed without receiving any rider granting such change of location.    On Sunday

morning following, the Stecker cottage burned with its contents. . The policy (Michigan standard form) contained the following clause:

"No one shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement added thereto, nor shall any such provision or condition be held to be waived unless such waiver shall be in writing added hereto * * * nor shall any privilege or permission affecting the insurance hereunder exist or be claimed by the insured unless granted herein or by rider added hereto." Comp. Laws Supp. 1922, § 9100 (243).

It was insisted in the court below, and is here, that inasmuch as the agreement, if there was one, consenting to a change of location, rested in parol, and there was no rider or writing of any kind, it was not binding on the defendant under the clause above quoted, and for that reason defendant was entitled to a directed verdict.

We are persuaded, as was the trial judge, that the case is controlled by *Pollock* v. *Insurance Co.*, 127 Mich. 460. In fact, we are unable to find such distinguishing features between the two cases as would justify us in reaching a different conclusion than was there reached. While the language of the provision of the policy there involved is not identical with the one before us, it is the same in all essentials. It was there held (we quote from the syllabus) :.

"When an insurance company is advised of the removal of insured property to another location, it becomes its duty either to consent to the removal, or to cancel the policy and return the unearned premium, as provided in the policy; and in case of its failure to act upon the latter alternative, it will be held to have accepted the former."

Mr. Justice MOORE, who there wrote for the court, exhaustively considered the cases from other juris-

dictions and sustained the conclusion reached by the citation of numerous cases from this and other jurisdictions.    The case again found its way to this court (132 Mich. 225) and a judgment for plaintiff on a directed verdict was affirmed.    It was followed in *Bennett* v. *Underwriters Ass'n,* 130 Mich. 216, where the facts were somewhat similar, and has been cited with approval on many occasions by this and other courts of last resort.    In the instant case, as in the *Pollock Case,* there had been no cancellation of the policy or any return or offer to return the unearned premiums.

We shall not undertake a consideration of the many cases from this court cited by defendant's counsel and urged upon the court as controlling on this question. Two, however, should be considered, as they are particularly stressed.    *Cleaver* v. *Insurance Co.,* 65 Mich. 527 (8 Am. St. Rep. 908), involved the taking out of additional insurance.    The opinion is well fortified by authorities and has been frequently followed and cited, but it was pointed out by Mr. Justice MORSE, who wrote the opinion, what was not decided and what was not before the court.    He said:

"This is not a case where the insured had a right to rely upon the action of the agent, or to presume that his action was known to the company, and ratified by them, as in *Security Ins. Co.* v. *Fay,* 22 Mich. 467 (7 Am. Rep. 670)."

This case came to this court again (71 Mich. 414 [15 Am. St. Rep. 275]), a verdict having been directed for defendant.    The court adhered to its former holding, but held that the question of whether the defense interposed had been waived by acts of the company subsequent to the fire was for the jury, and sent the case back for a third trial.    The other case, *May* v. *Insurance Co.,* 220 Mich. 455, was a chancery case in which we passed on the facts.    It was found that

there had been no meeting of the minds so as to constitute a contract; that at most it was a promise to make the transfer when notified by the insured; and that such notice did not reach defendant's agent until after the loss.   That it was not intended to in any way modify the *Pollock Case,* and that it was distinguishable from that case, is made patent by this language of Justice McDONALD, speaking for the court:

"In *Pollock* v. *Insurance Co., supra,* it was held that the liability of the company did not cease because the goods were removed to a new location after the agent had been requested for a transfer, had consented to it and promised to indorse it upon the policy, but neglected to do so.   In these cases the agents' knowledge upon which they were bound to act was of existing facts.   In the case at bar, the conversation of June 10th was at most a promise to make the transfer in the future when notified by the insured.   No definite notice was given until after the goods were removed, and, as it was not received until after they were destroyed, the agent had no opportunity to make the necessary indorsement."

We have examined the cases cited by defendant's counsel from other jurisdictions, including the recent case of *Stillman* v. *Insurance Co.,* —— Wis. —— (212 N. W. 67).   This case upon the facts is quite like the *May Case.*   We are not persuaded from our examination that the *Pollock Case* was incorrectly decided or that we should decline to follow it.   See *Hilt* v. *Insurance Co.,* 110 Mich. 517; *Rauch* v. *Insurance Co.,* 131 Mich. 281; *Hoyle* v. *Assurance Ass'n,* 214 Mich. 603.

Defendant further insists that the *Pollock Case* and those following it are based on estoppel, and in order to recover on the theory of estoppel it must be counted on in the declaration, and *Gooding* v. *Underwood,* 89 Mich. 187, and *Pearson* v. *Hardin,* 95 Mich. 360, are relied upon.   But in *Dean* v. *Crall,* 98 Mich. 591 (39 Am. St. Rep. 571), these cases were expressly over-

ruled.   We do not think the elements constituting estoppel are wanting if the testimony introduced on behalf of plaintiff is believed.

A motion was made for a new trial in which it was urged that the verdict was against the overwhelming weight of the evidence, was excessive in amount, and upon the further ground of newly-discovered evidence. In *Lewis* v. *Whitney, ante,* 74, we have considered a motion for a new trial on the grounds that the verdict was against the weight of the evidence and newly-discovered evidence.   We need not repeat what was there said.   We might not find difficulty in the instant case, if we were the triers of the facts, in declining to accept plaintiff's version on the disputed question between him and Mr. Atkinson, or in reaching a conclusion that his loss was not as great as claimed.   But this is not the test, as pointed out in the *Lewis Case.*   It would appear that as to some of the newly-discovered evidence information reached defendant's counsel after the proofs were closed but before the case went to the jury.   The trial judge was not asked to open the proofs nor was it brought to the attention of the court until the motion for a new trial.   The granting of new trials on this ground is not favored.   The authorities cited in the *Lewis Case* are controlling on this question.   The trial judge did not abuse his discretion in overruling the motion for a new trial.

The judgment will be affirmed.

SHARPE, C. J., and BIRD, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.