CUMMINGS *v.* NATIONAL FIRE INSURANCE CO. OF HARTFORD, CONNECTICUT.

1. INSURANCE—CONSENT TO CHANGE OF LOCATION.

Insurer must be held to have consented to change of location of insured goods, where its agent, when notified of such change, failed to make indorsement thereof or cancel the policy.

2. SAME—FALSE REPRESENTATIONS—SETTLEMENT AGREEMENT INDUCED BY FRAUD NOT BINDING.

Insured, who was induced to sign settlement agreement by false representations of insurer's agent that said settlement covered building only, and that household goods were covered by another policy, was not bound thereby as regards said goods, although they were, in fact, covered by same policy.

3. APPEAL AND ERROR—DIRECTED VERDICT—JUDGMENT SUPPORTED BY EVIDENCE AND LAW MUST BE AFFIRMED.

Judgment on directed verdict must be affirmed if court's findings of fact are supported by substantial evidence, and questions of law were rightly decided.

4. SAME—JUDGMENT NOT SUPPORTED BY LAW MUST BE REVERSED.

Judgment on directed verdict must be reversed, where not supported by the law as applied to undisputed facts.

Error to Oceana; Barton (Joseph), J. Submitted April 10, 1930. (Docket No. 57, Calendar No. 34,-873.) Decided June 2, 1930. Rehearing denied October 3, 1930.

Assumpsit by Ernest C. Cummings against the National Fire Insurance Company of Hartford, Connecticut, a foreign corporation, on a fire insurance policy. From a directed verdict and judgment for defendant, plaintiff brings error. Reversed, and remanded with direction to enter judgment for plaintiff.

*Hinds & Kelly*, for plaintiff.

*Smith & Searl*, for defendant.

McDONALD, J. The plaintiff brought suit to recover for loss of household goods by fire on a policy covering the goods and building in which they were located. By indorsement, the defendant permitted the removal of the goods. Subsequently, they were returned to the original location without indorsement. For that reason the company denied liability for the loss. The loss on the building, which was also destroyed by the fire, was adjusted and paid. On the trial, at the close of plaintiff's case, both parties moved for a directed verdict. The court directed a verdict in favor of the defendant. The plaintiff has brought error.

The first question to be determined is whether the defendant was relieved of liability for loss because the goods were changed to the original location without indorsement on the policy permitting such change.

Before the goods were returned to the original location, the plaintiff called at the office of Mrs. Osborn, the defendant's agent who wrote the policy, informed her of the contemplated change, and asked for an indorsement on the policy. She consented to it, but advised him that it would be safer to wait until he had actually moved. After removal, he notified her of the fact, and supposed she made the indorsement. The fire occurred about a year later. Because the indorsement was not made, the defendant denied liability. In seeking to avoid liability because its agent neglected to do what in duty she was bound to do, the company has taken an unconscionable position. The law will not permit it. When notified of the removal of the goods, it was her duty either to make the indorsement or to cancel the policy and return the unearned premium. Having done neither, the company must be held to have consented to the change. *Pollock* v. *Insurance Co.,* 127 Mich. 460; *Schlee* v. *Insurance Co.,* 238 Mich. 112, and cases cited.

The second reason advanced by the defendant for relieving itself of liability is that there was a settlement in writing signed by the plaintiff, in which he accepted $600 for loss under the policy and agreed that he would not make any further demands. The applicable portion of this agreement reads as follows:

"The actual cash value of the dwelling thus situated and described in aforesaid policy at the time of

fire was $1090.11 and the actual loss and damage by said fire was $1090.11 as shown specifically in annexed schedules and insured claims under this policy $600, payment of which insured agrees to and will accept in full satisfaction and demand no more.''

The main purpose of the agreement was to settle the loss on the building. There was no dispute between the parties as to the amount. It was $600. The insured was claiming a loss of $700 on the household goods, but, in the settlement, he was paid nothing on that loss. The agreement was prepared by the company and forwarded to the agent, with instructions to secure the plaintiff's signature. It did not expressly refer to the household goods, and the plaintiff wanted to be sure that it did not include that loss, so he inquired of Mrs. Osborn:

''I asked her when I signed this paper if it would make any difference about collecting on the household goods, and she said, 'No, it was a separate policy.' And she showed me that on the note there was two policy numbers and one was the household goods and the other was the dwelling. I mean she showed me in her records two separate policy numbers just like those numbers.''

As a matter of fact, the insured held two policies issued by defendant company. One was a tornado policy, and the other a fire insurance policy covering the building and household goods. Both were written by the agent, Mrs. Osborn. She was also agent for the Federal Land Bank from which she had secured a loan on the plaintiff's farm. When she received the policies, she forwarded them to the Federal Land Bank. The insured never had possession of them, so had no means of verifying her statement that the household goods were covered in a separate policy. Mrs. Osborn was not called as a

witness. There is no evidence in denial of the plaintiff's testimony that she induced him to sign the settlement agreement by falsely representing that it referred to a policy which did not cover the household goods. Her representations were not, as defendant claims, representations as to the legal effect of the agreement. They were representations of facts. They were relied on by the plaintiff and were false. Therefore he is not bound by the agreement.

There remains to be considered the effect of the act of both parties in moving for a directed verdict. It is rightly claimed by the defendant that, if there was substantial evidence to support the court's finding of fact and he was right on the questions of law, the judgment must be affirmed. In his direction of a verdict for the defendant, the court very briefly said:

"Gentlemen of the jury, as the court sees it, this case resolves itself into a proposition of law, and therefore there will be no question of fact left to your consideration. Without leaving your seats, by order and direction of the court, you will find a verdict of 'No cause for action,' in favor of the defendant."

In this brief statement we are not informed that the court found against the plaintiff on the facts. It rather indicates that, conceding the facts to be as plaintiff claimed, he could not recover as a matter of law. Outside of the plaintiff's testimony, there was nothing to raise an issue of fact. His testimony was undisputed. If the court found against him on the facts, his finding is not supported by any evidence. On what proposition of law he disposed of the case, we are not informed, but, whatever it was, he was wrong. The law, as applied to the un-

disputed facts, does not support the judgment. He should have directed a verdict for the plaintiff.

The judgment is reversed. The cause is remanded for the entry of a judgment for the plaintiff in the sum of $700, the amount of his loss as shown by the record. The plaintiff will have costs.

WIEST, C. J., and BUTZEL, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.