FRANK R. BEMISDARFER, Appellee, v. FARM PROPERTY MUTUAL INSURANCE ASSOCIATION OF IOWA, Appellant.

No. 41892.

FEBRUARY 13, 1934.

Starr & Jordan, for appellant.

Willcockson & Willcockson, for appellee.

STEVENS, J.—The policy of insurance upon which this action is based bears date December 8, 1928. When the policy was issued, the insured resided in Oskaloosa. On or about March 1, 1931, he moved the property to a farm located near Martinsburg. The by-laws of appellant, which are printed on the back of the policy, provide that:

"Unless written permission has been obtained from the president or secretary, the Association shall not be liable * * * if the property be removed to another location. * * * "

Previous changes in the location of the property in question had occurred, each of which was approved in writing, signed by a proper officer of appellant. The property was totally destroyed by fire on October 17, 1931. No written instrument, approving the removal of the property to its location at the time of the fire, bearing date prior to such fire, was ever delivered to the insured. The alleged breach of the provision of the policy quoted above is relied upon as a complete defense to this action on the policy.

One Dixon is, and was, the agent of appellant in Oskaloosa at the times material to the question presented for review. His designation was that of a soliciting agent. He did not, however, solicit the policy upon which this action is based. The evidence on behalf of appellee tends to show that application for permission to change location of the property was made by letter to Dixon soon after the insured moved onto the farm. Some two or three letters were written to him advising of the change, none of which were answered.

Some time during the first week of September, 1931, Mrs. Bemisdarfer, wife of appellee, saw Dixon at the Fair in Oskaloosa and again advised him of the change of location and requested that the customary writing approving the change be issued and sent to appellee. This interview was followed a few days later by a visit of Dixon to the farm. The date of this visit is more or less uncertain but apparently not later than the 16th or 17th of September. The premises occupied by the insured in which the personal property was kept was inspected by Dixon who filled out a pink slip furnished to him by appellant and gave it to Mrs. Bemisdarfer, with instructions to fill in the legal description of the real estate, which Dixon did not know, on which the property was kept and to mail it to appellant at its principal office, which is in the city of Des Moines. According to the testimony of both appellee and

his wife, the description was promptly inserted in the writing and the same mailed to the address of the company in Des Moines. Prior to this instance, a copy of the former writings, which, being in the form of applications, were signed by the insured, were sent to him by appellant, the original being kept in the office of appellant. For some reason, this custom was not followed in the later instance. There is some conflict in the testimony at this point as to whether the writing in question was forwarded to the proper address. It is the claim of Dixon that appellee informed him that it had been sent to, and returned by, a hail insurance company of Des Moines. Both appellee and Mrs. Bemisdarfer denied that any such thing occurred or that Dixon was so informed. The purported approval of the secretary of the appellant company, which is indorsed upon the writing, bears date October 19, 1931, which was subsequent to the date on which the loss occurred. It is this instrument which appellee prays in this action be reformed. The district court, as already stated, found in favor of appellee but ignored the prayer for reformation.

According to the testimony of appellee, which is to some extent corroborated by other testimony, the writing referred to, which is known in the record as Exhibit B, was prepared by Dixon at his home in Oskaloosa on October 10th, the date on which it purports to have been signed by the assured and that it was retained by Dixon upon his promise to immediately mail it to appellant.

The testimony of one Stanley, secretary of appellant company, was to the effect that the writing was received at the home office on the date shown thereon, that is, October 19th. The testimony of this witness is not based upon an independent recollection of the fact, but rather upon a claimed custom of the office in handling applications of the character involved. Appellee also testified that he saw Dixon place Exhibit B in an envelope, self-addressed to appellant, and lay it upon a pile of letters on his desk. Dixon could not remember when the letter was mailed to the company. The testimony of the witnesses employed in the home office is that matters of the character here involved are uniformly handled with promptness and dispatch. There is no doubt but that Dixon was authorized to inspect and report his findings on the new location of the property. He admits that he did examine the premises to determine whether there was an increase in the hazard. Appellee and his wife testified that Dixon had a supply of blanks in the

form of a pad and that he told one or both of them that the insurance would be in force at once. Whether these statements, which are denied by Dixon, are in any way binding upon the appellant is not material in this case.

It is fairly to be inferred from the record that one of Dixon's duties as the agent of appellant was to inspect the changed locations of personal property covered by a policy of appellant and to report to the home office. He knew in this case as early as the first week in September of the change and was then requested to inspect the property at once. Whatever delay there was in making such inspection was due to Dixon's failure to act promptly. The inspection of the property being one of his duties as the agent of appellant, the latter was charged with notice of the facts known to him. Cornett v. Farmers Mut. Fire Ins. Ass'n, 208 Iowa 450, 224 N. W. 524; Johnson v. Farmers Ins. Co., 184 Iowa 630, 168 N. W. 264; Duffie v. Bankers Life Ass'n, 160 Iowa 19, 139 N. W. 1087, 46 L. R. A. (N. S.) 25.

In notifying Dixon of the change of location of the property, appellee followed the course pursued by him upon the two prior occasions. Dixon testified that he never made out but one application and that this was on the occasion of his visit to the farm. In this statement, he is obviously mistaken. The document, Exhibit B, bears date October 10th and the blanks are filled in in the same handwriting. Appellee testified that the application left at his home for the purpose of having the legal description of the property inserted was filled in by him with a lead pencil. The blanks in Exhibit B are all filled in in ink. There was considerable delay either upon the part of Dixon in forwarding the application to the home office or in the approval thereof at that place. Had it been forwarded promptly, it would, in the usual course of mail, have reached the appellant several days before the fire. The method of transmitting the document was chosen by its agent and not by appellee. It is quite obvious that the approval of the proper officer at the home office, after the location had been inspected by the company's agent, was a perfunctory matter. No correspondence with the home office followed or preceded the approval of the prior applications for the same purpose. Waiver and estoppel are pleaded by appellee in this case as is also negligence as a separate defense on the part of appellant, its officers or agents in handling the matter. Appellee did all he could to expedite the approval in writing by the appel-

lant of the change of location of the property. He pursued the method authorized by appellant. As stated, there was some unusual delay in the handling of the matter. The trial court evidently arrived at the conclusion that the delay was inexcusable; that appellant was at some point in the transaction guilty of negligence; and that it was because thereof estopped to set up the defense here involved to the cause of action plead. That an insurer may thus be precluded from asserting the failure of the insured to possess written permission to change the location of the property insured as a defense in an action upon the policy to recover a loss thereunder would seem to be the rule in this state. Glasscock v. Insurance Co., 125 Iowa 170, 100 N. W. 503; Cornett v. Farmers Mut. Fire Ins. Ass'n, supra; Neiman v. City of New York Ins. Co., 202 Iowa 1172, 211 N. W. 710; Smith v. Nat. Fire Ins. Co., 201 Iowa 363, 207 N. W. 334; Johnson v. Farmers Ins. Co., 184 Iowa 630, 168 N. W. 264.

Neither the policy nor the by-laws printed thereon require that the writing involved be attached to or indorsed upon the policy. It is obviously designed to protect the insurer against an increase in the hazard assumed. The proper representative long prior to the fire had obviously found that the hazard had not been increased. The defense here urged is, in the light of the facts shown, exceedingly technical and this court is inclined to follow the conclusion of the district court at this point.

Testimony was introduced from which it appears that appellee was not the unqualified owner of the property. No defense based thereon was set up in the answer. It is claimed by counsel that they first learned during the trial that the property was subject to a vendor's lien and that they were unable to prepare the necessary amendment to their pleading, setting up the violation of the policy. The observation stated does not appear to have been made of record. An amendment prepared and forwarded to the judge after the case was submitted did not reach him until judgment had been entered. The record, therefore, shows nothing as to the proposed amendment to the answer. Obviously, none was ever, in fact, filed. In such situation, this court can give no consideration to the facts here urged as a defense to the action.

It follows that the judgment must be and it is affirmed—Affirmed.

CLAUSSEN, C. J., and EVANS, ANDERSON, KINTZINGER, and MITCHELL, JJ., concur.