## Ritter *versus* Sieger, Executrix.

1. A party litigant cannot complain if the court below submits his case to the jury from the point of view from which he himself presented it to the court, even if such point of view be erroneous. Such error is not ground for reversal.

2. The use by one of two contiguous lot owners of a party wall erected by the other, by cutting holes therein and inserting the girders, beams, etc., of a new building, without having first made compensation for such use, is an injury for which an action of trespass will lie.

3. In such case, trespass will lie not only against the person actually committing the injury, but also against any person, by whose order or authority the trespass was committed.

4. A father, therefore, who, in erecting at his own expense and under his own direction a building upon his daughter's lot for her benefit, uses, in the manner aforesaid, a party wall erected by the owner of the lot adjoining that of his daughter, is liable in trespass.

5. In such case, the injury committed consists not merely in the cutting of the holes in the wall, but in the permanent use of said wall by building against it; and the measure of damages, in the absence of circumstances of aggravation, is such as will compensate the owner for the permanent use of the wall.

February 20, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Lehigh county :* Of January Term, 1884, No. 109.

. Trespass, *q. c. f.,* by Sarah E. Sieger, executrix of Reuben Sieger, deceased, against Jacob Ritter and Mrs. Mary E. Brobst, *née* Ritter, to recover damages for an alleged illegal use by defendants of a certain wall belonging to the estate of plaintiff's testator. Pleas, not guilty, with leave, etc., *liberum tenementum.*

On the trial, before HAGENMAN, P. J., of the 23d Judicial District, the following facts appeared: Mrs. Brobst and Reuben Sieger, deceased, were owners of contiguous lots in the city of Allentown. Both had obtained their titles thereto by deed from Jacob Ritter, the father of Mrs. Brobst. In

1867 or thereabouts, Reuben Sieger erected a brick shop on his lot, the western wall of which, according to the plaintiff's testimony, was built up to the line, dividing his lot from that of Mrs. Brobst, but did not go beyond it. The defendants claimed, however, and gave evidence to prove that this wall overran the said division line from three to five inches, and to that extent was built upon Mrs. Brobst's land. There was some evidence offered on behalf of the defendants that at the time of the erection of this wall, Reuben Sieger saw Ritter and acknowledged that in building his shop he had erected the western wall partly upon Mrs. Brobst's lot, and that thereupon Mrs. Brobst agreed to allow said wall to stand, in consideration of being allowed to use it, if she ever built upon her own lot. In 1873, Jacob Ritter commenced to build under his own direction, with his own money, but for Mrs. Brobst's benefit, a brick shop upon her lot. In the erection of this shop he built against the said western wall of Sieger's shop by cutting holes into the bricks and inserting therein the girders, beams, joists, etc., of his own building. There was some evidence tending to show that these girders, etc., were not inserted beyond the line of Mrs. Brobst's lot. At the time of the erection of this building Mrs. Brobst was covert. The defendants put in evidence the record of a former suit between Reuben Sieger and Mrs. Brobst, to show that in said suit Sieger recognized the wall to be a party wall. They further submitted the following points:

4. If the jury believe that the walls in dispute were erected under express or implied consent, that the same was a partition wall, there can be no recovery for the alleged trespass committed to the wall.

*Answer.*—Negatived.

5. If the jury believe that the plaintiff's decedent agreed with his adjoining defendant that the wall erected in building of Mrs. Brobst's house should be located and used as a party wall, there can be no recovery in this case.

*Answer.*—Negatived.

6. Under all the testimony and pleadings, the defendants are entitled to a verdict.

*Answer.*—The court declines to answer as requested. (First assignment of error.)

The Judge instructed the jury in its general charge that as Mrs. Brobst was covert at the time of the alleged trespass, there could be no recovery against her. He further charged:

[The first question for you to settle is: Was this a party wall? It appears to be claimed upon both sides that this is a wall in the nature of a party wall;] that it was used by Mrs. Brobst partly, if not wholly, in the erection of her build-

9 OUTERBRIDGE.—26.

ing: · The plaintiff claims that it is a party 'wall, alleging that it was up to his line when he built that shop, and that Mrs. Brobst, in erecting her building, came over on his lot, or rather came over, as it were, upon his property in the use of that wall. You have the testimony both of Mr. Sieger, Mrs. Brobst and Jacob Ritter, and from that evidence you will have to determine whether this is a party wall or not, and if it be a party wall, then has the plaintiff a right to recover? . . . . .

[As stated to you before, you will, in the first place, ascertain whether this is a party wall, and if it is a party wall, then Jacob H. Ritter, who was upon the ground ordering and directing these holes to be cut into the wall and superintending the erection of that building, if the jury find such to be the fact from the testimony, is liable in this action of trespass.]

Whilst this is an action of trespass, your verdict would be for damages, and [the jury in assessing the damages are permitted to go to the extent of the wall used and compensate the plaintiff therefor.]

Verdict for the plaintiff against Jacob Ritter for $121.91, and judgment thereon. The defendants took this writ of error, assigning as error (1) the answer to their sixth point, and (2, 3, 5) the portions of the charge above quoted in brackets.

A. B. Longaker (E. G. Schwartz with him) for the plaintiffs in error.—This was not a party wall. Such a wall can only exist by the agreement of the parties, or by virtue of some statutory provision, neither of which is shown in this case. If the wall was not a party wall, and was erected on Mrs. Brobst's ground, she had the right to use as much of it as stood upon her own land without compensation or liability in trespass: Amer v. Longstreth, 10 Barr, 145. Our defence in the court below did not, as erroneously stated in the charge to the jury, proceed upon the ground that the wall was in the nature of a party wall. We contended, on the contrary, that if the girders of Mrs. Brobst's building were not inserted beyond the line of her lot the plaintiff could not recover. The court entirely disregarded our testimony upon this point, and failed to submit the question involved therein to the jury. We think there was also error in making Jacob Ritter, who did not own the building nor the lot adjoining that of plaintiff's testator, and who was superintending the erection of the building for his daughter's benefit, make compensation for one-half the value of plaintiff's wall. A tort feasor, unless guilty of wantonness, or chargeable with other circumstances of aggravation, is liable only for actual damages. The evidence establishes that the cutting of the holes in plaintiff's

wall did the plaintiff no actual injury, and Jacob Ritter, therefore, should have been held liable, if at all, only for nominal damages.

*Marcus C. L. Kline* for the defendant in error.—Whether a wall is constituted a party wall by the agreement of the contiguous lot owners is a question of fact, and as such for the jury. The evidence in this case being conflicting. as to the existence of such an agreement, the court properly submitted it to the jury. Such submission was not error. Actions for trespass may be brought either against the master who commands the unlawful act, or against the servant, who actually commits the trespass: Addison on Torts, § 1312; Drake *v.* Kiely, 93 Pa. St., 492; Frantz *v.* Lenhart, 56 Pa. St., 365; Gregory *v.* Piper, 9 B. & C., 591; Hutchinson *v.* Schimmelfeder, 4 Wr., 396. The measure of damages for the use of a party wall, in the absence of circumstances of aggravation, is the moiety value of such wall: Amer *v.* Longstreth, 10 Barr, 148; Rose *v.* Story, 1 Barr, 190; Blair *v.* Lloyd, 3 W. N. C., 103; Masson's Appeal, 20 P. F. S., 26.

Mr. Justice PAXSON delivered the opinion of the court, March 17, 1884.

This case was tried by both the parties in the court below in a manner that was altogether peculiar. We shall deal with it as it was there presented.

It is sufficient to say, in regard to the first specification of error, that under all the circumstances of the case the court below could not properly have directed a verdict for the defendants. It was a case to submit to the jury.

The second assignment alleges that the court erred in charging that "The first question for you to settle is, was this a party wall? It appears to be claimed upon both sides that this is a wall in the nature of a party wall."

The defendants below now allege that they did not proceed upon the theory that the wall in dispute was in the nature of a party wall, but that, on the contrary, they contended the wall was built over on defendants' ground, from two to three inches at the alley, and from four to five inches in the rear, and in using the wall neither the lintels nor the girders were inserted so as to go beyond the line.

There was undoubtedly some proof of this, and complaint is made that the court below disregarded it. The court treated the case as the parties treated it, and if the jury were misled by the charge, as is asserted in the third assignment, the court in turn was misled by the parties. If the wall in question was a party wall, either by statute, or the agreement of the

parties, the defendants would have the right. to use it upon making compensation. But to cut into it without having first made compensation would constitute the person doing so a trespasser: Ingles *v.* Bringhurst, 1 Dallas, 341; Masson's Appeal, 20 P. F. S., 26. In point of fact the plaintiff contended that the wall stood on his own ground. This, if true, would give defendants no right to use the wall with or without compensation. The defendants alleged, as before stated, that the wall was built over on them two or three inches. This, if true, would have made the plaintiff a trespasser, and he could have been required to take the wall down, or the defendants might perhaps have waived the trespass, and used the wall without compensation. But for some purpose, which to my mind is not clear, the question of the wall being a party wall was brought into the case and produced little save confusion. The defendants, instead of asking an instruction upon the facts, as they now contend them to be, asked the court to charge that if the wall in question was a party wall the plaintiff could not recover. See defendants' fourth and fifth points. This instruction was very properly refused. Had it been a party wall there would have been no defence. How then can we say that the court erred in submitting to the jury the question, "was this a party wall?"

Not only did the defendants raise this question by their points, but the same thing runs through the testimony. There was a plain attempt on the part of the defendants to establish the party wall theory, and an evident desire upon the cross-examination of the plaintiff to obtain such an admission. Not only so, but on page 48 of the Appendix I find the following: "Defendant offers in evidence the record of the suit of Reuben Sieger *v.* Mary E. Brobst, brought to September Term, 1878, No. 23, in the Common Pleas of Lehigh county. Suit was brought September 25, 1878. We offer this, together with plaintiff's affidavit of claim, and the declaration in the cause, for the purpose of showing that Mr. Sieger recognized the wall as a party wall, and sought to charge Mary E. Brobst with one half value of the wall as a party wall. Objected to as incompetent and irrelevant; it is admitted for the purpose of an admission as a party wall."

The defendants have no just ground to complain that the court submitted the case to the jury as they presented it.

We are in no doubt as to the liability of Mr. Ritter. He says in his testimony that he put up the building and paid for it. That it was for his daughter's benefit can make no difference. The only question is as to the measure of damages. The court instructed the jury that they "could go to the extent of the wall used, and compensate the plaintiff." This

[Troxell v. Stockberger.]

was as favorable to the defendant as he could expect. Had there been circumstances of aggravation, vindictive damages would have been permitted: Amer v. Longstreth, 10 B., 145. There were no such circumstances, and the court very properly confined the jury to compensation.

It was urged, however, that as Mr. Ritter was the builder, and his daughter the owner of the property, nominal damages only could be recovered. This assumes that the only trespass Mr. Ritter could be held for was the cutting of the holes in the wall, and that this did no serious injury. This is a mistake. Making the holes was only a part, and a small part of the trespass. The act complained of was the using of the wall, appropriating it to the use of the new building by building against it. This was a trespass of a permanent character, and if the plaintiff is entitled to recover at all in this form of action he can recover for the entire injury, against the person committing the trespass. It is familiar law that actions for trespass to real property may be brought either against the hand actually committing the injury, or against the person by whose order and authority the act was done : Frantz v. Lenhart, 6 P. F. S., 365; Drake v. Kiely, 12 Norris, 492. In such case there can be no measure of damages short of compensation.

Judgment affirmed.