Gnagey *v.* Pennsylvania Threshermen & Farmers' Mutual Casualty Insurance Co., Appellant.

Argued September 28, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Clarence L. Shaver,* with him *Daryle R. Heckman,* of *Shaver & Heckman,* for appellant.

*Budd B. Boose,* for appellee.

OPINION BY MR. JUSTICE DREW, December 5, 1938 :

This is an action of assumpsit brought by an employee under a policy issued September 30, 1933, by the defendant insurance company in the form of a Workmen's Compensation Insurance Policy, on the employees of the estate of a decedent. The policy contains an endorsement undertaking coverage of farm labor of the employer "in accordance with the liability for compensation benefits under the Workmen's Compensation Act of Pennsylvania."

On September 9, 1934, while the policy was in force, plaintiff, an employee of the estate, was kicked by a colt while working on the farm. As a result of this injury he suffered a paralysis of his left side. Following the accident defendant paid plaintiff compensation at the rate of $9.75 per week for a total of 53 weeks according to the schedule of the Workmen's Compensation Act. On September 26, 1935, defendant refused to make further payments, claiming that plaintiff was fully recovered.

On November 4, 1935, plaintiff filed his claim with the Workmen's Compensation Board. Since the claimant was an agricultural worker, the referee dismissed it for want of jurisdiction. The present action was instituted on April 1, 1937, and at the trial a verdict was directed in favor of plaintiff in the sum of $4,421.02. Following

the discharge of motions for judgment n. o. v. and a new trial, and entry of judgment on the verdict, defendant appealed.

The assignments of error raise three questions: (1) was the claim barred by the time limitation contained in Section 315 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended; (2) was it error to charge the jury to return a verdict in favor of plaintiff; (3) was the judgment in proper form?

The provisions of the policy by which defendant assumed the liability of the insured employer under the Workmen's Compensation Act do not have the comprehensive application contended for in this case since plaintiff is an agricultural worker and can therefore have no claim against the estate under that act. The board's lack of jurisdiction over such cases cannot be remedied by an agreement between the parties: *Thompson v. Parke,* 131 Pa. Superior Ct. 81. Hence plaintiff's right to recover is based solely on the endorsement attached to the policy providing for the coverage of farm labor. Defendant contends that this endorsement incorporated all the provisions of the Workmen's Compensation Act, and, since this suit was not instituted within a year after the last payment, it is barred by Section 315 of that Act.

We do not believe that this is a proper interpretation of that agreement. A reasonable construction of the language used leads clearly to the conclusion that the parties intended only to make the schedule of rates and manner of payments of the act a part of their contract. The act contains numerous provisions dealing with the duties of the board, methods of proof, procedural rules, etc., which by their terms can apply only to cases coming within the jurisdiction of the board. Obviously the language here used can not be construed to incorporate all these provisions into the contract. In construing an identical contract of insurance in *Thompson v. Parke,* supra, the Superior Court said (p. 84): "There is no

provision therein that a claim arising from an injury to a farm employee shall follow the practice and procedure of a workmen's compensation case. . . ." Only by a strained construction of the words used in the endorsement could it be said that the parties intended to restrict plaintiff's right by the time limitation contained in the act. There is no language which clearly expresses an intention to do so. In case of doubt or ambiguity, the provisions of an insurance policy will be viewed in the light most favorable to the insured: *Brams v. New York Life Ins. Co.,* 299 Pa. 11; *Janney v. Scranton Life Ins. Co.,* 315 Pa. 200.

There was no error in directing a verdict for plaintiff in this case. The learned trial court at the conclusion of the testimony asked defendant's counsel if there was any question of fact to be submitted to the jury. He replied that there was none and that the case turned entirely upon questions of law. The case was so submitted and a verdict directed for the amount due plaintiff under the schedule of the Workmen's Compensation Act. Defendant cannot assign this as error and claim that the court should have allowed the jury to pass upon the question of the degree of disability. There was no real controversy over that matter at the trial, the disability was taken as permanent, and defendant cannot now be permitted to raise a question deliberately waived at the trial: *Benson and West v. Maxwell,* 105 Pa. 274; *Ritter v. Sieger,* 105 Pa. 400.

There is no merit in the third assignment of error questioning the form of the judgment. The liability in this case is to be measured by the same standard as in cases where the Workmen's Compensation Board has jurisdiction. Therefore it is proper, in view of Section 427 of the Act of June 26, 1919, P. L. 642, amending the Workmen's Compensation Act of 1915, to enter judgment for the full amount recovered, whether then due or whether payable in future installments. As indicated by the court below, the court has ample power to control

or stay any writ of execution attempting to compel the payment of the judgment more rapidly than contemplated by the act. Furthermore, as stated in the case of *Graham v. Hillman Coal & Coke Co.*, 122 Pa. Superior Ct. 579, 586, the judgment is subject to any future termination or modification justified by the death of the claimant or by a change in the character of his disability.

Judgment affirmed at cost of appellant.