### Garis v. Hanff, etc.

*Blumberg & Sork*, for plaintiff.
*Joseph Singer*, for defendant.

OLIVER, P. J., July 25, 1941.—This comes before us on petition and rule by defendant to have the judgment pre-

viously entered herein marked quashed and execution perpetually stayed. The facts as stated in the petition are admitted. The judgment was entered and damages assessed at $2,013.12, August 12, 1932, on a certified petition of the Bureau of Workmen's Compensation filed with the prothonotary of this court. On September 28, 1933, defendant filed a voluntary petition in bankruptcy in the Federal district court and was adjudged a bankrupt. Plaintiff's judgment was included in the schedules filed by defendant in that proceeding. Plaintiff's attorneys appeared at the hearing before the referee and examined defendant. On March 28, 1934, defendant was duly discharged by the Federal court as a bankrupt. He contends that plaintiff's judgment, still appearing of record in this court, was discharged by his discharge in bankruptcy. Plaintiff disputes this contention and thereby raises the only question before us.

Under the National Bankruptcy Act of July 1, 1898, 30 Stat. at L. 550, as amended, 11 U. S. C. §35: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except . . ." (The exceptions are not relevant here.) On June 7, 1934, the act was amended to include as provable debts awards of industrial accident commissions for workmen's compensation: 48 Stat. at L. 923, 11 U. S. C. §103. Although defendant was discharged prior to the passage of this amendment, he contends that the judgment was nevertheless discharged because it was a provable debt under section 63 of the act (the section amended), which provided before the amendment and still provides:

"Debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability, as evidenced by a judgment . . . absolutely owing at the time of the filing of the petition against him, whether then payable or not. . . ."

It is conceded that prior to the above amendment a workmen's compensation award was not a provable debt under the above section: Lane v. Industrial Commis-

sioner of State of New York, 54 F.(2d) 338 (C. C. A. 2d, 1931).

The theory of the court therein, based on an analogy to alimony awards, was that such awards are made upon claims which arise by operation of law, as a result of the relationship between the parties, and not because of any obligation which may be implied between the parties. Defendant attempts to distinguish that case on the ground that there no judgment had been entered upon the award.

In In re Ostrowski, 4 Fed. Supp. 568 (W.D.N.Y.1933), the precise question now before us was presented. There a judgment had been entered upon a compensation award, but it was held that it was nevertheless not a provable debt. This conclusion was based on the theory of the Lane case, supra, namely, that the judgment arises from a claim imposed by law, and also on the ground that a judgment entered on a compensation award is not a fixed liability absolutely owing, because such judgments are subject to modification under the New York Compensation Law when there is a future change in the claimant's disability. The soundness of the first reason is perhaps dubious because generally the identity of a cause of action is merged into the judgment entered thereon and the latter becomes a separate debt in itself. However, we are strongly persuaded by the second ground of the Ostrowski decision and, on that ground, hold that plaintiff's judgment was not a provable debt at the time his discharge was granted.

In this State it is clear that judgments may be entered on a compensation award for future instalments and that any judgments on such awards may be modified by the court if there is a future change in disability: Graham v. Hillman Coal & Coke Co., 122 Pa. Superior Ct. 579 (1936) ; Gnagey v. Penna. Threshermen & Farmers' Mutual Casualty Ins. Co., 332 Pa. 193 (1938). Thus, the analogy to alimony decrees, which are likewise subject to modification, is proper. Compensation judgments are fixed in the sense that they are definite and are a lien.

But, they do not always amount to a final adjudication of the rights of the parties, as in the case of an ordinary judgment, and are more akin to continuing orders of the court which may be modified in accordance with future changes in the circumstances of the parties. We do not think Congress intended to include judgments of this type within the requirement of the Bankruptcy Act that the liability of such judgments be fixed and absolutely owing.

Rule discharged.