## Sack, Appellant, *v.* Glens Falls Insurance Company.

488

Argued March 28, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*John A. Metz, Jr.,* with him *John A. Metz* and *A. C. Teplitz,* for appellant.

*John E. Evans, Sr.,* with him *Evans, Evans & Spinelli,* for appellee.

OPINION BY MR. JUSTICE DREW, April 17, 1947:

Plaintiff, J. B. Sack, appeals from a judgment for defendant entered for want of sufficient reply to new matter. He brought this suit in assumpsit on a policy of fire insurance issued to him by defendant, Glens Falls Insurance Company, for a term of one year from September 19, 1944, covering property at several locations in Pittsburgh. A fire on January 8, 1945, caused a property loss at one of these locations, where liability under the policy was limited to a maximum of $20,000.

The pleadings are of particular importance in this case. In answer to plaintiff's statement of claim, which alleged that the sum of $20,000 was due under the policy, defendant filed an affidavit of defense which admitted liability for $5,281.88, and set up new matter which averred, inter alia, that the value of the property set forth in a report, filed by plaintiff on December 1, 1944, was "false, incorrect and untrue". Plaintiff took judgment in the amount admitted, and filed a reply which specifically denied the alleged fraud and asserted that

"Plaintiff made an inadvertant and unintentional mistake in his method of valuation".

Both parties claimed judgment on the pleadings. After argument before the court en banc, plaintiff's motion for judgment for want of sufficient affidavit of defense with new matter was denied and defendant's motion for judgment for want of a sufficient reply was granted. Plaintiff then took this appeal.

Under the policy here involved, both the amount of insurance coverage, and the premium were provisional and subject to increase or reduction dependent upon the value of goods reported by plaintiff to defendant. Within thirty days after the end of each month plaintiff was required to submit a report of value and for September, October and November, 1944, he did so. On the day of the fire, January 8, 1945, plaintiff had not yet submitted the December report, but the day after the fire he submitted the report and this dispute arose.

Plaintiff contends that as the value reported to defendant on January 9, 1945, the day after the fire, was within the thirty day period after December 31, 1944, it should form the basis of his recovery. On the contrary defendant asserts that the value of the property on November 30, 1944, as set forth in the report filed on or about December 1, 1944, determines the extent of its liability under the insurance contract.

It is necessary to closely examine the terms of the policy to determine which report forms the basis of defendant's liability. The applicable provisions are as follows: "10. VALUE REPORTING CLAUSE—It is a condition of this policy that the insured shall report to this Company not later than thirty (30) days after the last day of each month, the exact location of all property covered hereunder, the total value of such property at each location and all specific insurance in force at each of such locations on the last day of each month. At the time of any loss, if the insured has failed to file with this Company reports of values as above required,

this policy, subject otherwise to all its terms and conditions, shall cover only at the locations and for not more than the amounts included in the last report of values, filed prior to the loss.

"11. FULL REPORTING CLAUSE—Liability under this policy shall not in any case exceed that proportion of any loss hereunder, which the last reported value less the amount of specific insurance reported, if any, at the location where any loss occurs bears to the actual value less the amount of specific insurance, if any, at that location at the time of such report. Liability for loss hereunder, occurring at any location acquired since filing the last report (except as provided by the Value Reporting Clause), shall be apportioned in a like manner except that the proportion used shall be the relation that values reported at all locations less the amount of reported specific insurance, if any, bear to the actual values less the amount of specific insurance, if any, at all locations at the time of such report."

The court below held that "the last reported value" in section 11 refers to the last report filed before the loss occurred. With this interpretation of the policy we cannot agree. If the parties had intended that section 11 of the policy should mean *last reported value filed prior to the loss,* they would have so stated. The words used are clear and unambiguous and were selected by defendant, the insurer, who prepared the policy. "Contracts of insurance should be construed so as to carry out the true intentions of the parties": Couch, Cyclopedia of Insurance Law, Vol. 1, section 188. Nor will defendant's position be more favorable if we assume that the words used were ambiguous. In *Gnagey v. Pa. Thresh. & F. M. Cas. I. Co.,* 332 Pa. 193, 196, 2 A. 2d 740, we said: "In case of doubt or ambiguity, the provisions of an insurance policy will be viewed in the light most favorable to the insured: Brams v. New York Life Ins. Co., 299 Pa. 11; Janney v. Scranton Life Ins. Co., 315 Pa. 200."

The obvious purpose of the thirty-day limit, set forth in section 10, within which plaintiff was to file the report, was to enable the insurer to receive its full premium and to enable the insured to obtain maximum insurance coverage in the event of a fire. If this court would read into section 11 the phrase "filed prior to the loss", as the court below has erroneously done, it would destroy the clear meaning of the contract and nullify the time limit of thirty days specifically agreed upon by the parties. The report filed January 9, 1945, was the "last reported value" within the meaning of section 11, as we construe the language of this contract.

It was also error for the learned court below to assume that plaintiff used "a false figure" for the total value of the property, at this particular location, in the report filed December 1, 1944, because that was a question of fact which only a jury could determine. In paragraph 19, under new matter, defendant averred that the value set forth in the report for November was "false, incorrect and untrue" and alleged sufficient facts to support the averment if believed by a jury. However, in plaintiff's reply, the fraud alleged was specifically denied. It is well established that in passing on the sufficiency of a reply to new matter, the averments of the reply must be accepted as true: *Smith v. Faust*, 92 Pa. Superior Ct. 267; *Busby v. Harrisburg P. & P. B. Co.*, 312 Pa. 394, 167 A. 313; *Smith v. Girard Trust Company*, 320 Pa. 412, 183 A. 47. See Standard Pennsylvania Practice, Vol. 4, Chap. 17. §8.

The pleadings contain an adequate averment by defendant of fraud on the part of plaintiff, and a sufficient denial by plaintiff. Therefore, the question of fraud is at issue and a trial must be had. If the jury finds that the plaintiff was guilty of fraud as alleged by the defendant, the following provision of this insurance policy would be applicable: "This entire policy shall be void if the insured has concealed or misrepresented any material fact or circumstance concerning this insurance

or the subject thereof; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss." However, if no fraud on the part of plaintiff is proved, then he is entitled to recover on the basis of the report filed January 9, 1945.

The assignments of error are sustained. The judgment entered by the court below in favor of the defendant for want of a sufficient reply to the new matter set up in the affidavit of defense must be reversed.

Judgment reversed with a procedendo.

Mr. Justice JONES dissents.

---

DISSENTING OPINION BY MR. JUSTICE JONES:

In my opinion the construction placed by the learned court below on the contract of insurance here involved is manifestly correct. The insured's prior erroneous monthly reports of the value of his goods at the location covered by the policy may, for the purposes of this case, be readily assumed to have been the result of a scrupulously honest mistake of fact and, yet, after the occurrence of the loss by fire, the extent of such loss recoverable under the terms of the policy is to be determined on the basis of the insured's "last report of values, filed prior to the loss". That is what the policy expressly provides. In short, the rights and liabilities of the parties to the contract were to become static upon the happening of the contingency insured against. Such is not only the implicit intendment of the policy's relevant terms but it is also the rule of contract law otherwise applicable to the undisputed circumstances.

Obviously, therefore, no justifiable purpose is to be served by sending the case back for the trial of an immaterial issue of fact. Plainly enough, there will be marked hardship in subjecting the non-offending party to the hazard of an unnecessary trial simply because of what, at best, was a serious and harmful mistake on

the part of the insured. On the other hand, if the insured's prior erroneous reports of value were, in truth, the result of a *bona fide* mistake, he is not without an appropriate and adequate remedy. He may sue to reform such reports on the ground of mistake and, upon obtaining relief in such regard to the extent that a chancellor deems him entitled under the evidence, may thereafter claim loss, accordingly, under the policy. He would also be rightly required in the reformation suit, as a proper condition to the correction of the reports, to make good the deficiencies in past premiums which so far he had been able to escape because of his mistake.

What the ruling of the majority means is that in every such "open liability" policy, as here, the insured may always file after the occurrence of a loss a new and enlarged report of value and thus increase the amount of his insurance coverage *after* the loss. All that any insured would need do to secure that unusual and startling right would be to withhold the filing of the successive monthly reports contemplated by the contract until the last day of the thirty-day period following the last day of each month. In that way, a report would always be due for filing even though a loss had occurred in the meantime. It requires little or no imagination to realize that judicial authentication of such a situation will be an open invitation to fraud which may be freely practiced wherever such an insurance policy as the present exists and a loss by fire occurs. As Judge Mc-NAUGHER cogently stated for the court below, "To hold that the parties intended that an insured might defraud the company in premium payments and then, after a loss took place, set up a very much larger value than in the last report before the loss would be a wholly unreasonable construction of the language used". And, it may be added that the construction is directly contrary to the provisions of the contract as well.

I should unhesitatingly affirm the judgment of the court below.