## Paris Foods Corporation v.
## American Casualty Company of Reading, Pa.

*Robert Jay Vedosky,* for plaintiff.
*Norman P. Harvey,* for defendant.

DiBONA, G. F., *J.,* October 28, 1975—This matter came before the court on plaintiff's motion for summary judgment. After careful review of the various arguments advanced by each of the parties, we conclude that the motion must be granted.

The undisputed facts on which the motion is predicated are as follows:

Plaintiff, a wholesale food distributor, maintained a place of business in Camden, N.J. On April 28, 1972, one of plaintiff's employes, while operating a pallet truck, accidently struck a pipe which was part of their air conditioning system causing a rupture, releasing ammonia gas which caused a quantity of food to become contaminated and unusable. Plaintiff thereafter made claim for reimbursement for the cost of repair of the damaged pipe and the contaminated food under a "Boiler and Machinery Supplemental Policy" of insurance issued by defendant. Defendant rejected the claim on the ground that the loss was not caused by "accident" as is required by the policy.* Plaintiff thereafter instituted this action in assumpsit and filed this motion for summary judgment.

At the outset, we must be mindful of certain basic principles employed in the interpretation of insurance contracts. It is axiomatic that a contract of insurance must be so construed as to ascertain and give effect to the understanding of the parties: Sack v. Glens Falls Ins. Co., 356 Pa. 487, 52 A. 2d 173 (1947). It is an equally well-established doctrine of insurance law that a policy is to be construed liberally in favor of the insured and strictly against the insurer who drew the contract: Thomas v. Metropolitan Life Ins. Co., 388 Pa. 499, 131 A. 2d 600 (1957). Particularly apposite to the case at bar is the rule that where ambiguity in the provisions of an insurance policy causes doubt or uncertainty as to

---

*Although defendant in its brief contends it is denying coverage also on the ground that the incident for which claim was made was not covered by the policy, this ground is so closely interrelated with the defense that the incident did not constitute an "accident" that the opinion hereinafter shall treat the two arguments as one.

their meaning and the language is fairly susceptible of two interpretations, the one which is favorable to the insured will be invoked: Snader v. London & Lancashire Indemnity Co. of America, 360 Pa. 548, 62 A. 2d 835 (1949).

Here, we are called upon once again to decipher the contradictions in an insurance policy caused by careless draftsmanship. The contract before us provides a perfect case in point. Coverage as conferred by the basic promissory language of the insuring agreement itself seems clear enough:

"In consideration of the premium, the Company with the Assured . . . respecting loss from an Accident, as defined herein . . . as follows:

"To PAY for loss on the property of the Assured, and property of others in the care, custody or control of the Assured for which the Assured is legally liable, directly damaged by such Accident . . . excluding . . . (f) loss from lack of power, light, heat, steam or refrigeration and (g) loss from any other direct result of an Accident." Section 1, Loss on Property of Assured.

If the policy went no further, it could not be gainsaid that the loss claimed by plaintiff in this case is encompassed by the policy. Unfortunately, this language, which, by itself, is clear and concise, is obfuscated by the policy definition of the term "accident":

"[A] sudden and accidental breakdown of the Object, or part thereof, which manifests itself at the time of its occurrence by physical damage to the Object that necessitates repair or replacement of the Object or part thereof; . . ."

It is this language which defendant seizes upon to defend its denial of coverage, claiming that the

term "accident," which, by the terms of the policy must be equated with a "breakdown," encompasses only sudden and accidental internal failures of the refrigeration system. It reaches this conclusion by giving to the word "breakdown" the meaning recognized in common parlance, a definition which it claims excludes damage caused by external forces which do not grow out of some malfunction or failure within the machinery itself. This argument might have some appeal were it not for the further qualifying language which is included in the section of the policy which defines "accident." The latter portion of that section states:

". . . but Accident shall not mean (a) depletion, deterioration, corrosion, or erosion of material; (b) wear and tear; (c) leakage at any valve, fitting, shaft seal, gland packing, joint or connection; . . ."

Thus, having made the predicate of liability the occurrence of a breakdown which would certainly seem to comprehend internal spontaneous failures as opposed to external trauma, the policy proceeds to delete from coverage precisely those internal causes which almost invariably underlie a breakdown. If, indeed, "depreciation, deterioration, corrosion, erosion of material or wear and tear" are excluded as causes of the breakdown on which coverage is dependent under this policy, what is left? In effect, for there to be coverage there would have to be a breakdown of unknown origin. In other words, according to defendant, the policy purchased by plaintiff confers coverage under such narrow and mysterious circumstances as to be phantasmal.

In our view, the only rational interpretation to be given the policy, since by its terms a breakdown is excluded from coverage where it is caused by any of

the known internal forces, is that it was the intention of the parties that coverage be conferred where the breakdown is the result of some external trauma. A rupture in the piping of the refrigeration system caused by impact of the striking pallet truck constitutes such a breakdown.

Accordingly, we have entered summary judgment in favor of plaintiff and have issued the following

## ORDER

And now, October 28, 1975, upon consideration of the motion for summary judgment of plaintiff it is hereby ordered that the aforesaid motion for summary judgment is granted, and the prothonotary is directed to enter judgment herein for plaintiff with damages to be assessed.