[No. B082604. Second Dist., Div. Seven. June 26, 1995.]

FILIPPO INDUSTRIES, INC., Plaintiff and Appellant, v.
SUN INSURANCE COMPANY OF NEW YORK et al., Defendants and
Respondents.

## COUNSEL

Watkins & Stevens and Steven B. Stevens for Plaintiff and Appellant.

Fisher & Porter, Michael W. Lodwick, George P. Hassapis, Rosato & Samuels, Michael B. Magloff and Ann C. Schneider for Defendants and Respondents.

## OPINION

**WOODS (Fred), J.**—In this breach of insurance contract action, the trial court granted summary judgment motions for the insurer (Sun Insurance Company of New York; Sun) and its managing general agent (Wm. H. McGee & Co., Inc.: McGee), entered a judgment of dismissal for the insurance broker (Sander A. Kessler & Associates, Inc.; Kessler), granted a summary judgment motion for the insurer on its cross-complaint against the insured (which alleged an overpayment to the insured), and denied the insured's (Filippo Industries, Inc.) motion to amend its complaint. We reverse the three summary judgments.

### FACTUAL SUMMARY

Filippo Industries, Inc. (Filippo or the insured) bought clothing and stored it in a warehouse at 3100 S. Grand Avenue, Los Angeles.

On July 1, 1990, Filippo obtained insurance coverage for this clothing[1] from Sun and McGee through an insurance broker, Kessler.

The insurance policy had a value reporting provision. This provision required the insured to submit monthly reports to the insurer of the value of its clothing inventory. Based upon these reports, the insurer assessed a premium and sent the insured an invoice.

On April 27, 1992, the policy limits were increased to $1.5 million. On May 14, 1992, a fire at the insured's warehouse destroyed clothing. The insured submitted a claim for policy limits: $1.5 million.

The insurer rejected the claim and paid the insured $646,910, the amount reported on the last prefire monthly report, the report for December 1991.

Thereafter, the insured brought the instant action for breach of contract, bad faith, and negligence.

---

[1] The insurance policy also covered ocean cargo not relevant to this appeal.

## Discussion

Central to this appeal is the meaning of the value reporting provision of the insurance contract.

It reads: "Monthly Reports 4. The Assured shall keep an accurate record of all property covered under this endorsement and render monthly reports on the 15th day of each month or as soon thereafter as may be practicable of the actual values at risk at each location as of the last day of the previous calendar month and to pay premiums thereon when due at this Company's rates, or if no goods and merchandise are at risk, to render monthly reports marked 'NIL'."

It is appellant's position that this provision entitles appellant to indemnity for the "actual value" (up to policy limits) of the destroyed property.

It is respondents' position that this provision limited coverage to actual value last reported before the fire.[2]

We begin by considering appellate decisions concerned with value reporting provisions.

In *Holz Rubber Co., Inc.* v. *American Star Ins. Co.* (1975) 14 Cal.3d 45 [120 Cal.Rptr. 415, 533 P.2d 1055] a rubber manufacturer had fire insurance with two companies and paid a low rate because its insured buildings had automatic sprinkler systems. The manufacturer built a new building, stored rubber goods inside, but before a sprinkler system could be installed the building and its contents were destroyed by fire. The insurance companies rejected the insured's loss claim because the building did not have a sprinkler system. Our Supreme Court construed the insurance contract and affirmed the judgments in favor of the insured rubber manufacturer.

Although *Holz* is otherwise inapposite, it does set forth the value reporting clause of the subject policy. Noteworthy is inclusion of a provision specifying the effect of nonreporting. The clause reads: " '(a) It is a condition of this

---

[2]In the trial court, and on appeal, the parties much discuss the insured's failure to "render monthly reports" for January, February, March, or April 1992 and whether or not the insurer is estopped from relying upon this failure. The insured argues it *always* submitted reports long after "the 15th day of each month," the insurer accepted these reports, assessed premiums based upon them, and agreed on April 27, 1992,—after almost a two-year practice of such reporting—to increase policy limits to $1.5 million. Therefore, estoppel applies.

The insurer contends estoppel is inapplicable because it has not attempted to cancel the policy or deny coverage, merely to pay the "amount of coverage afforded under the policy."

We find it unnecessary to address estoppel or waiver in the resolution of this appeal.

policy that the insured shall report in writing to this company on the last day of each calendar month of the policy term, the exact location of all property covered hereunder, the total actual cash value of such property at each location and the amount of creditable specific insurance in force at each location, all as of the last day of that month. . . . (b) *If at the time of any loss, the insured has failed to file with this company, reports of values as above required, this policy . . . shall cover only at the locations and for not more than the amounts included in the last report of values less the amount of creditable specific insurance reported, if any, filed prior to the loss . . . .*' " (14 Cal.3d at p. 52, fn. 5, italics added.)

In *Quality Foods, Inc.* v. *U.S. Fire Ins. Co.* (11th Cir. 1983) 715 F.2d 539 the value reporting provision required the insured to "file its inventory reports within 30 days after the end of each month" (*id.* at p. 540) and included this clause: "C. *Full Reporting Clause.* As respects [contents], liability under this policy shall not in any case exceed that proportion of any loss hereunder which the last value reported prior to the loss . . . bears to the total actual cash value . . . on the date for which such report was made . . . ." (*Id.* at pp. 541-542.)

This "Full Reporting Clause," absent from the instant contract, was applied to limit recovery to 43.4 percent of the loss.[3]

In *Boykin & Tayloe* v. *Columbia Fire Ins. Co.* (E.D.Va. 1950) 90 F.Supp. 647 the value reporting provision included a clause specifying the effect of nonreporting. The provision read: " '9. Value Reporting Clause. It is a condition of this policy that the insured shall report to this Company not later than thirty (30) days after the last day of each month, the exact location of all property covered hereunder, the total value of such property at each location and all specific insurance in force at each of such locations on the last day of each month. *At the time of any loss, if the insured has failed to file with this Company reports of values as above required, this policy,* subject otherwise to all its terms and conditions, *shall cover* only at the locations and *for not more than the amounts included in the last report of values, filed prior to the loss.*' " (*Id.* at p. 648, italics added.)

Although the insured's last prefire report (for August 1948) valued inventory at $12,539 he recovered $20,000 policy limits for his March 1949 fire loss. The trial court held the insurer equitably estopped from invoking the liability limitations of clause 9. (90 F.Supp. at p. 649.) On appeal the

[3]Inventory value at time of loss was $2,299,592. But inventory value last report—*two* months earlier—was $990,000: 43.4 percent.

judgment was affirmed. (*Columbia Fire Ins. Co.* v. *Boykin & Tayloe* (4th Cir. 1950) 185 F.2d 771.)

In *Schenley Distillers Corp.* v. *United States Fire Ins. Co.* (2d Cir. 1937) 90 F.2d 633 the value reporting provision was essentially identical to *Boykin & Tayloe* except there was a blank in the reporting time clause ("the assured shall report to this company not later than _____ days after the last day of each month . . . ."). The insured was chronically late in filing its reports. Its last report—before the fire—was for December 1933. Inventory was valued at $700,000. The fire occurred April 28, 1934. Inventory value then was $2.6 million.

As in *Boykin & Tayloe* the insurer relied upon the reporting clause expressly limiting liability " 'to the . . . amounts included in the last report of value filed prior to the loss.' " (90 F.2d at p. 634.) In affirming judgment for the insured, Justice Learned Hand stated the reporting delay was not unreasonable and if the insurer thought it was, it "was bound to protest." (*Id.* at p. 635.)

The most elaborate value reporting provision is found in *Sack* v. *Glens Falls Ins. Co.* (1947) 356 Pa. 487 [52 A.2d 173]. There, the insured obtained a $20,000 fire policy in September 1944. He was required to file value reports within 30 days after the end of each month. He did so for September, October, and November. Apparently,[4] value for November was reported as $5,281.88. On January 8, 1945, *before the December 1944 report due date*, the insured suffered a fire. The next day, January 9, 1945, the insured submitted the December 1944 report—and his $20,000 loss claim. The insurer rejected the claim and admitted liability according to "the last report of values, filed prior to the loss."

The value reporting provisions included a clause like those in *Holz, Boykin & Tayloe*, and *Schenley Distillers*. In pertinent part it provided: "At the time of any loss, if the insured has failed to file with this Company reports of values as above required, this policy, subject otherwise to all its terms and conditions, shall cover only at the locations and for not more than the amounts included in the last report of values, filed prior to the loss." (*Sack* v. *Glens Falls Ins. Co., supra*, 52 A.2d 173, 175.)

In addition, the value reporting provisions included a clause similar to that in *Quality Foods*. It provided: " '11. Full Reporting Clause—Liability under

---

[4]The opinion does not clearly state the reported November value but the insurer relied upon that value and admitted liability for $5,281.88.

this policy shall not in any case exceed that proportion of any loss hereunder, which the last reported value less the amount of specific insurance reported, if any, at the location where any loss occurs bears to the actual value less the amount of specific insurance, if any, at that location at the time of such report. Liability for loss hereunder, occurring at any location acquired since filing the last report (except as provided by the Value Reporting Clause), shall be apportioned in a like manner except that the proportion used shall be the relation that values reported at all locations less the amount of reported specific insurance, if any, bear to the actual values less the amount of specific insurance, if any, at all locations at the time of such report.' " (52 A.2d at p. 175.)

The Pennsylvania Supreme Court, in reversing judgment for the insurer, found the insured had timely reported value for December, notwithstanding the report was submitted after the fire. It observed that clause 11, which limited liability, did not contain the phrase "filed prior to the loss."

The instant value reporting provision, unlike those we have discussed, fails to specify any consequence in the event the insured has failed to timely file reports of values. Unlike *Holz, Boykin & Tayloe*, *Schenley Distillers*, and *Sack* no clause limits liability to "the amounts included in the last report of values . . . filed prior to the loss." Additionally, unlike *Quality Foods* and *Sack*, no clause imposes a proportionality limit on liability.

According to the instant value reporting provision, the insured shall (1) keep accurate inventory records, (2) "render monthly reports on the 15th day of each month or as soon thereafter as may be practicable of the actual values at risk . . . as of the last day of the previous calendar month," and (3) pay premiums based upon reported monthly values.

If the insured, by habitually filing reports several months after "the previous calendar month," "imperill[ed] [the] interests" (*Schenley Distillers Corp.* v. *United States Fire Ins. Co.*, *supra*, 90 F.2d at p. 635) of the insurer or was in breach of contract,[5] then the insurer had the right to cancel the contract. It chose not to do so. Although, on April 27, 1992, no reports had yet been filed for January, February, or March, the insurer increased policy limits to $1.5 million. After the fire, the insurer acknowledged the contract and paid the insured $646,910.

By its terms, the contract provided coverage for "actual values" as monthly reported. The higher the reported actual value, the higher the

---

[5] A matter open to factual dispute since the deadline to report was not the 15th day of each month but "as soon thereafter as may be practicable."

premium. The insured, after the fire, reported April's actual value as over $1.5 million. That report, according to the value reporting provision, *not* the December 1991 report, determined the coverage for the May 14, 1992, fire loss.

If the value reporting provision is ambiguous, and we are satisfied it is not, the insured must still prevail. ■ There is a "fixed principle of California law which requires us to resolve uncertainties in a policy of insurance against the insurer." (*Holz Rubber Co., Inc.* v. *American Star Ins. Co.*, *supra*, 14 Cal.3d 45, 55, 59-60; 1 Witkin, Summary of Cal. Law (1987 9th ed.) Contracts, § 699, pp. 632-635.)

■ For these reasons we conclude the trial court erred in granting the respondents' summary judgment motions. Since we reverse these judgments, we do not address other issues raised by appellant.

### DISPOSITION

The judgment of dismissal in favor of respondent Sander A. Kessler & Associates, Inc., is affirmed.

The summary judgments in favor of respondents Sun Insurance Company of New York and Wm. H. McGee & Co., Inc., are reversed. The summary judgment in favor of Sun Insurance Company of New York on its cross-complaint is reversed.

The matter is remanded to the trial court with directions to vacate its orders granting the three summary judgment motions and to enter orders denying the three summary judgment motions.

The parties shall bear their own costs on appeal.

Lillie, P. J., and Johnson, J., concurred.

Respondents' petition for review by the Supreme Court was denied September 14, 1995.